**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **JACQULINE SEYLER,** **Plaintiff,** | |
| **v.** | **CIVIL ACTION** |
| **BURLINGTON NORTHERN SANTA FE CORPORATION, BURLINGTON NORTHERN SANTA FE RAILWAY COMPANY and NATIONAL RAIL PASSENGER CORPORATION d/b/a Amtrak,** **Defendants.** | **No. 99-2342-KHV** |

**MEMORANDUM AND ORDER**

Jacquline Seyler sustained injuries in a passenger train derailment near Kingman, Arizona. She filed suit against the National Railroad Passenger Corporation (Amtrak), which operated the train, and Burlington Northern Santa Fe Corporation and Burlington Northern Santa Fe Railway Company (BNSF),[1] which owned and maintained the railroad track and bridge on which the train was traveling at the time of the derailment. On June 12, 2000, a jury returned a verdict of $295,772.00 in plaintiff's favor. On August 6, 2002, after appeal and briefing on plaintiff's costs, the Clerk taxed costs of $158,910.76 in favor of defendants. See Bill Of Costs (Doc. #181). Some four years later, plaintiff's counsel notified the Clerk that the costs should have been taxed in favor of plaintiff.[2] On October 16, 2006, the Clerk entered a bill of costs nunc pro tunc to reflect that costs were actually taxed in favor of

---

[1] BNSF was formed in 1995 when the Santa Fe Railway merged with Burlington Northern.

[2] The Clerk apparently did not mail the bill of costs to counsel or otherwise notify them that it had been entered. Counsel for all parties apparently did not inquire about the bill of costs until some time in 2006.

plaintiff. See Bill Of Costs (Doc. #182). This matter is before the Court on Defendants' Motion To Retax Costs (Doc. #183) filed October 20, 2006. For reasons set forth below, defendants' motion is sustained.

Initially, plaintiff argues that the Court should not consider defendants' motion because the Clerk already decided these issues and defendants essentially seek reconsideration of the bill of costs filed four years ago. Plaintiff does not dispute that defense counsel did not receive a copy of the original bill of costs and that despite defense counsel's periodic monitoring of the case over the last four years, the bill of costs did not show up on the Court's public PACER/ECF docket. Based on the Court's review of the docket, it appears that the Clerk did not mail the bill of costs to counsel and that the public version of the docket did not indicate that the bill of costs had been entered. Moreover, the original bill of costs is clearly incorrect because it includes amounts which plaintiff conceded she could not recover, it is $100 more than the total amount plaintiff requested and it taxed the costs in favor of defendants. In these circumstances, the Court finds that defendants timely challenged the revised bill of costs entered on October 16, 2006 by filing a motion on October 20, 2006.

The taxation of costs under Rule 54(d) is governed by 28 U.S.C. § 1920.[3] The Court has no discretion to award costs which are not specifically set forth in Section 1920. Crawford Fitting Co. v.

---

[3] Section 1920 provides that a judge or clerk may tax as costs the following expenses:

> (1) Fees of the clerk and marshal; (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and copies of papers necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

J.T. Gibbons, Inc., 482 U.S. 437, 441-42 (1987). As the party seeking costs, plaintiff has the burden of establishing the amount of compensable costs and expenses to which she is entitled. Allison v. Bank One-Denver, 289 F.3d 1223, 1248-49 (10th Cir. 2002). At the same time, a presumption that costs will be awarded arises where the requested costs are authorized under Section 1920. See Whitaker v. Trans Union Corp., No. 03-3251-CM, 2006 WL 2574185, at *1 (D. Kan. Aug. 8, 2006); Green Constr. Co. v. Kan. Power & Light Co., 153 F.R.D. 670, 674 (D. Kan. 1994). Once the prevailing party shows that particular costs are authorized by statute, the non-prevailing party bears the burden to show that the costs are otherwise improper. See Cantrell v. IBEL Local 2021, 69 F.3d 456, 459 (10th Cir. 1995); Whitaker, 2006 WL 2574185, at *1.

Defendants concede that plaintiff can recover the filing fee of $150.00. In addition, plaintiff concedes that certain costs should be excluded as follows: priority charges for deposition transcripts ($105.00); trial preparation ($400.00); video copying charge and meal charges on videographer bills ($322.72); copies of depositions of plaintiff's experts ($1,207.90); and mediation fees ($1,025.94). See Plaintiff's Response To Defendants' Objections To Plaintiff's Bill Of Costs (Doc. #180) filed June 5, 2002. The parties dispute whether the remaining expenses may be taxed as costs.

**I. Fees For Service Of Summons And Subpoenas**

Plaintiff seeks $969.00 for service of process on defendants and service of subpoenas on third parties for records depositions. The Court may tax "[f]ees of the clerk and marshal." 28 U.S.C. § 1920(1). Although plaintiff did not pay these fees to the marshal, service fees to private process servers are generally taxable up to the amount that would have been incurred if the U.S. Marshal's office had effected service. See Burton v. R.J. Reynolds Tobacco Co., 395 F. Supp.2d 1065, 1078 (D. Kan. 2005); Griffith v. Mt. Carmel Med. Ctr., 157 F.R.D. 499, 508 (D. Kan. 1994); see also Kan. Teachers

Credit Union, 982 F. Supp. 1445, 1447-48 (D. Kan. 1997) (reducing taxable cost of service to amount charged by U.S. Marshal). The cost for service by the marshal at the relevant time was $45. The Court therefore awards $405 for the cost of service of two summons on defendants and service of seven subpoenas on third parties.

## II. Court Reporter Fees

Plaintiff seeks $41,465.65 for court reporter fees. The Court may tax "[f]ees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case." 28 U.S.C. § 1920(2). Absent extraordinary circumstances, the costs of taking and transcribing depositions reasonably necessary for litigation are generally awarded to the prevailing party. Callicrate v. Farmland Indus., Inc., 139 F.3d 1336, 1339 (10th Cir. 1998). The depositions need not be "strictly essential to the court's resolution of the case." Id. at 1340. Necessity in this context means a showing that the materials were used in the case and served a purpose beyond merely making the task of counsel and the trial judge easier. See U.S. Indus., Inc. v. Touche Ross & Co., 854 F.2d 1223, 1245 (10th Cir. 1988). A party may recover costs of video depositions that are necessary for the litigation including the costs of the transcript and the videotape. See Tilton v. Cap. Cities/ABC, Inc., 115 F.3d 1471, 1477 (10th Cir. 1997).

Defendants object to court reporter costs for more than one copy of a deposition, minuscripts, keyword indices, ASCII disks, exhibits, postage and delivery. Because these items are primarily for the convenience of counsel, the Court disallows these charges. See Whitaker, 2006 WL 2574185, at *2 (ASCII disks, condensed transcripts, additional copies of depositions not taxed); Stadtherr v. Elite Logistics, Inc., No. 00-2471-JAR, 2003 WL 21488269, at *4 (D. Kan. June 24, 2003) (ASCII disks, minuscripts, multiple copies of depositions, overnight delivery charges not taxed); Hutchings v. Kuebler, No. 96-2487-JWL, 1999 WL 588214, at *3 (D. Kan. July 8, 1999) (ASCII disks and minuscripts not

taxed); Albertson v. IBP, Inc., No. 96-2110-KHV, 1997 WL 613301, at *2 (D. Kan. Oct. 1, 1997) (delivery charges not taxed); Ortega v. IBP, Inc., 883 F. Supp. 558, 562 (D. Kan. 1995) (postage associated with depositions not taxed); Berry v. Gen. Motors Corp., No. 88-2570-JWL, 1995 WL 584496, at *3 (D. Kan. Sept. 22, 1995) (ASCII disks not taxed).

Defendants next object to court reporter costs for "real time" reporting. Plaintiff has not explained why the additional charge for "real time" reporting was necessary in this case. Accordingly, to the extent that the invoices reflect an additional charge for real time reporting, the Court disallows such expenses.

Defendants argue that the $4 per page charge for deposition transcripts from Tri-State Reporting and the $4.50 per page charge from Associated Reporting is unreasonably high. Plaintiff maintains that these charges were the going rate in Kingman, Arizona and Las Vegas, Nevada. Defendants do not offer any evidence of the market rate in these areas. Absent specific evidence on the issue, the Court must assume that plaintiff's counsel paid the market rate for court reporters. The Court therefore overrules defendants' objection on this ground.

Defendants also object that "time stamping" on the deposition transcript was for the convenience of counsel. The Court disagrees. Defendants do not specifically object to the fact that many of the depositions were videotaped. Time stamping synchronizes the video deposition to the written transcript. This feature allows counsel to show the video deposition at trial without significant delays caused by last minute edits or objections. Numerous courts have held that costs associated with videotaped depositions are recoverable. See Tilton, 115 F.3d at 1477; Meredith v. Schreiner Transp., Inc., 814 F. Supp. 1004, 1005-06 (D. Kan. 1993) (citing cases). Time stamping is in part for the convenience of counsel, but it is primarily a cost to show the video deposition at trial. Accordingly, it is recoverable

under Section 1920. See id. (costs associated with showing deposition at trial are taxable)

Plaintiff's counsel used a videographer from Kansas City, Kansas. Plaintiff seeks to recover the videographer's travel expenses to various depositions in Arizona, Nevada and California. Defendants object to the videographer's travel expenses because plaintiff could have employed local videographers for the various depositions. Defendants have not shown that plaintiff's videographer expense would have been less by using local videographers. The travel expenses for the videographer appear to be reasonable, but the Court finds that using a videographer from Kansas City was primarily for the convenience of plaintiff's counsel. Plaintiff has not shown that she incurred any savings (before travel expenses) by using a videographer from Kansas City. The Court therefore will disallow the travel expenses incurred by the videographer.

Defendants object to the expense of a videographer for site inspections. Plaintiff argues that the video was a trial exhibit and was prepared to help the jury understand the terrain at the site of the derailment. The Court finds that the videographer's fee for site inspections is not recoverable under Section 1920(2) as fees of a court reporter necessarily obtained for use in the case.[4]

Defendants object to the videographer expenses itemized as "DV Deposition-Process (per hour of finished testimony. Includes MPEG-1 capture of video/audio, processing with ASCII Court Reporter text on 1 CD-ROM)." Such expense appears to be reasonably related to the preparation of the video transcript for use at trial.[5] The Court therefore allows the expense.

---

[4] The Court addresses below whether these costs may be recovered as exemplification or copy costs under 28 U.S.C. § 1920(4).

[5] The Court recognizes that the video deposition processing charge includes processing with ASCII text, but defendants have not shown that the videographer charged more for this additional processing.

Defendants next object to a videographer cancellation fee of $300 because plaintiff's counsel brought an additional videographer. The Court agrees that this expense was unnecessary and excludes it.

Defendants object to a number of invoices which do not contain an adequate explanation of the services rendered. Defendants' objection is well taken and the Court has excluded charges which do not include an explanation or have such an inadequate explanation that the Court cannot ascertain whether the expenses were reasonably incurred in this case.

Based on the above rulings, the Court awards a total of $27,254.50 in court reporter costs.[6]

---

[6] In particular, the Court awards the following amounts for court reporter expenses which the Court finds were reasonably necessary in this case: $181.80 for AAA invoice dated 11-30-99; $1,825.50 for Performance Reporters ("PR") invoice dated 11-10-99; $1,002.00 for PR invoice dated 11-19-99; $969.00 for Tri-State invoice dated 12-6-99; $885.00 for Tri-State invoice dated 2-22-00; $380.50 for Tri-State invoice #1 dated 5-26-00; $827.50 for Tri-State invoice #2 dated 5-26-00; $1,477.94 for Testimonial Video ("TV") invoice dated 12-1-99; $1,206.22 for TV invoice dated 11-30-99; $2,584.08 for TV invoice dated 12-9-99; $442.76 for TV invoice dated 1-25-00; $992.42 for TV invoice dated 1-31-00; $464.14 for TV invoice dated 2-7-00; $0.00 for TV invoice dated 1-26-00; $729.33 for TV invoice dated 2-8-00; $528.28 for TV invoice dated 2-11-00; $0.00 for TV invoice dated 2-10-00; $464.14 for TV invoice dated 3-2-00; $256.56 for TV invoice dated 2-15-00; $241.04 for TV invoice #1 dated 2-23-00; $450.00 for TV invoice #2 dated 2-23-00; $232.75 for TV invoice #3 dated 2-23-00; $464.14 for TV invoice dated 2-28-00; $0.00 for TV invoice #1 dated 3-8-00; $0.00 for TV invoice #2 dated 3-8-00; $166.04 for TV invoice dated 3-15-00; $0.00 for TV invoice dated 4-17-00; $0.00 for Bowen invoice dated 2-1-00; $427.40 for Bowen invoice dated 2-15-00; $260.80 for Bowen invoice dated 4-4-00; $343.90 for Carpenter invoice dated 1-28-00; $898.85 for Metropolitan invoice dated 2-15-00; $976.45 for Metropolitan invoice dated 2-18-00; $1,024.60 for Metropolitan invoice #1 dated 3-29-00; $1,385.15 for Metropolitan invoice #2 dated 3-29-00; $638.55 for Sharp-Holland invoice #1 dated 2-29-00; $323.00 for Sharp-Holland invoice #2 dated 2-29-00; $881.00 for Associated Reporter's invoice dated 2-2-00; $0.00 for Hostetler invoice dated 3-2-00; $120.00 for Hostetler invoice dated 6-6-00; $0.00 for Jay Suddreth invoice dated 3-9-00; $0.00 for Audrey Patrick invoice dated 3-8-00; $0.00 for Wheeler invoice dated 4-3-00; $528.28 for TV invoice #1 dated 3-29-00; $458.82 for TV invoice #2 dated 3-29-00; $450.00 for TV invoice #3 dated 3-29-00; $528.28 for TV invoice dated 3-22-00; $528.28 for TV invoice dated 2-9-00; $450.00 for TV invoice dated 2-9-00; $0.00 for Wheeler invoice dated 7-11-00; $0.00 for Don Thompson invoice dated 5-26-00; and $260.00 for district court invoice dated 6-16-00.

The Court has excluded charges for a premium on the court reporter appearance fee for real time

(continued...)

## III. Witness Fees

Plaintiff seeks $115.00 for fees and expenses related to two potential witnesses – Bill Byers and Amy Redmond. The Court may tax fees for witnesses. See 28 U.S.C. § 1920(3). Defendants argue that because plaintiff did not call the two witnesses, they were not necessary. Redmond was necessary to testify as to plaintiff's work performance before defendants agreed to allow certain hearsay testimony into evidence. Plaintiff has not explained how Byers was necessary in this case. The Court therefore allows the witness fees related to Redmond ($60.00), but disallows the witness fee and expenses related to Byers.

## IV. Copy Expenses

Plaintiff seeks $19,713.99 for copy expenses. The Court may tax fees for "exemplification and copies of papers necessarily obtained for use in the case." 28 U.S.C. § 1920(4).

Initially, the Court evaluates whether the expense of a videographer for site inspections is recoverable as "exemplification" or copy costs. The term "exemplification," as used in § 1920(4), has been interpreted to embrace all kinds of demonstrative exhibits, including models, charts, photographs, illustrations, and other graphic aids. See Burton, 395 F. Supp.2d at 1085; Manildra Milling Corp. v. Ogilvie Mills, Inc., 878 F. Supp. 1417, 1428 n.10 (D. Kan. 1995), aff'd, 76 F.3d 1178 (Fed. Cir. 1996). The Tenth Circuit has not addressed whether video demonstrative exhibits such as the site inspections here are recoverable costs of exemplification. The Supreme Court, however, has held that a district court has no discretion to award costs which are not specifically set forth in Section 1920. See Crawford

---

[6](...continued)
reporting, the additional per page premium for real time reporting where the invoices did not separately itemize real time reporting ($1.00 or $1.25 per page depending on court reporter) and additional copies of deposition transcripts or videos.

Fitting, 482 U.S. at 445. The Court agrees with the reasoning of those courts which have held that video exhibits are not recoverable costs of exemplification or copies of papers under Section 1920(4). See, e.g., Kinzenbaw v. Case L.L.C., No. 05-1483, 2006 WL 1096683, at *4 (Fed. Cir. Apr. 26, 2006) (graphics presentation at trial not exemplification) (Eighth Circuit law); Summit Tech., Inc. v. Nidek Co., 435 F.3d 1371, 1377-78 (Fed. Cir. 2006) (video exhibit not exemplification or copy of papers) (First Circuit law); Kohus v. Toys R Us, Inc., 282 F.3d 1355, 1359 (Fed. Cir.) (same) (Sixth Circuit law), cert. denied, 537 U.S. 1044 (2002); Arcadian Fertilizer, L.P. v. MPW Indus. Servs., Inc., 249 F.3d 1293, 1297 (11th Cir. 2001) (demonstrative videotape exhibit is not exemplification or copy of papers). But see Cefalu v. Vill. of Elk Grove, 211 F.3d 416, 427-28 (7th Cir. 2000) (computer generated, multi-media presentation is "exemplification" in broad sense of term).

Defendants first object to counsel's internal copying costs of $7,406.00 because the attached invoice does not reflect the cost per page or what specific documents were copied. Counsel's invoice only contains charges that are multiples of 20 cents and 20 cents is the lowest itemized charge, so the Court concludes that 20 cents is the cost per page. In addition, the Court finds that 20 cents per page is a reasonable rate.

As to defendant's objection to the lack of detail on the invoice, the Court declines to require plaintiff's counsel to give an itemization of every copy or series of copies. See Northbrook Excess & Surplus v. Procter & Gamble, 924 F.2d 633, 643 (7th Cir. 1991) (prevailing party need not furnish description of copy expenses "so detailed as to make it impossible economically to recover photocopying costs"); Fogleman v. ARAMCO, 920 F.2d 278, 286 (5th Cir. 1991). Such an itemization would only further escalate the costs for all parties. At the same time, absent a more detailed accounting of counsel's internal copying costs, the Court cannot find that all of these costs were reasonably

necessary to present the case. See id. (charges for multiple copies of documents, attorney correspondence, and other such items are not taxable as costs). Absent an itemized statement of copying costs, the Court has discretion to reduce counsel's stated costs based on its own experience and knowledge of the case. See Summit, 435 F.3d at 1378 (although simple 50 per cent reduction is somewhat crude method of accounting for non-necessary copies, district court acted within its discretion in awarding vendor costs based on such estimate and should have reduced internal copy costs in similar manner); U.S. ex rel. Evergreen Pipeline Constr. Co. v. Merritt Meridan Constr. Corp., 95 F.3d 153, 173 (2d Cir. 1996) (district court acted within its discretion by awarding $5,000 of requested $17,690.78 in copying costs where such costs were not itemized); Rice v. Sunrise Express, Inc., 237 F. Supp.2d 962, 981 (N.D. Ind. 2002) (reducing copy cost by 20 per cent to account for possibility that some were made for convenience of counsel); Meacham v. Knolls Atomic Power Lab., 185 F. Supp.2d 193, 243 (N.D.N.Y. 2002) (reduction of approximately 25 per cent when copying costs lacked sufficient detail or explanation), aff'd, 381 F.3d 56 (2d Cir. 2004), judgment vacated on other grounds, 544 U.S. 957 (2005); Cadena v. Pacesetter Corp., No. 97-2659, 1999 WL 450891, at *8 (D. Kan. 1999) (finding $462.20 in copies necessary based on court experience and knowledge of case without requiring itemization), aff'd, 224 F.3d 1203 (10th Cir. 2000); Jansen v. Packaging Corp. of Am., 898 F. Supp. 625, 629 (N.D. Ill. 1995) (reducing catch-all category of copies by "about one-third" as most likely representing copies for convenience rather than necessity). Based on the Court's knowledge of the extent of discovery, the number of pages filed by plaintiff, the pretrial order, motions in limine and the number of trial exhibits, the Court finds that roughly 75 per cent of counsel's internal copying cost was for counsel's convenience and not reasonably necessary to present the case. Accordingly, the Court awards $1,851.40 (9,257 copies at 20 cents per page) – 25 per cent of counsel's stated copying costs.

Defendants have agreed to third party copying charges of $950.67.[7]

As to the remaining third party copying charges of $11,357.32, defendants argue that plaintiff has not shown that each of the expenses (including color copies of some exhibits) was reasonably necessary in this case. The Court admitted some 20 photographs at trial, and before defendants stipulated to liability shortly before trial, plaintiff identified some 208 photographs on her final exhibit list. As explained above, absent an itemized statement of copying costs, the Court has discretion to reduce the stated costs based on its own experience and knowledge of the case. Based on the complexity of this case and the volume of exhibits which plaintiff's counsel reasonably expected to use at trial before defendants stipulated to liability, the Court finds that roughly 70 per cent of third party copying costs was for counsel's convenience and not reasonably necessary in this case. The Court has awarded 30 per cent of the remaining third party invoices because the total award of copying costs will be slightly less than the Court's estimate of such costs based on its experience and knowledge of the case.[8] The

---

[7] In particular, defendants have agreed to pay the amounts on the following invoices: $25.00 for NEU invoice dated 6-22-99; $25.00 for Dr. Carabetta invoice dated 6-18-99; $58.97 for Olathe Medical Center invoice dated 7-22-99; $23.42 for Dr. Drisko invoice dated 7-6-99; $36.50 for Department of Commerce invoice dated 9-28-99; $150.00 for Kleinfelder invoice dated 12-17-99; $25.23 for Kingman Fire Department invoice dated 1-19-00; $62.05 for FYI invoice dated 2-1-00; $230.78 for Trimmer invoice dated 6-29-00; $293.72 for Trimmer invoice dated 9-25-99; $20.00 check to Olathe Medical Center.

[8] The Court has estimated total copy costs of no more than $6,460.40, which includes internal copy costs of $1,851.40, agreed third party copy costs (primarily official reports, medical records and x-rays) of $950.67 and other third party copy costs of $3,658.33. The amount for other third party copying charges includes $831.39 for three copies of plaintiff's summary judgment briefing and other court filings. The Court has included one copy for the Court, one copy for defense counsel and one copy for plaintiff's counsel. Plaintiff filed a total of some 1,295 pages. The Court has estimated the cost at 20 cents per page and added seven per cent sales tax for a total of $277.13 for each set of copies. The amount for third party copying charges also includes $2,826.94 for two copies of the exhibits on Plaintiff's Final Exhibit List (Doc. #120). The Court has included the original and two copies which the Court requested. This amount reflects 1,915 standard copies at 20 cents per page, 40 color copies at $1.50 per page, 15 copies of maps and other non-standard documents at $10.00 per page

(continued...)

Court therefore awards $3,407.20 for the remaining third party invoices – 30 per cent of plaintiff's requested amount.[9]

Based on the above rulings, the Court awards a total of $6,209.27 in copying costs.

## V. Other Costs

Plaintiff first seeks $313.72 for copies of x-rays of plaintiff. The Court already has awarded these costs as part of the copying costs discussed above.

Plaintiff seeks $183.15 for the cost of copies of videotapes and photographs. Plaintiff has not explained why these copies were necessary and as to the primary invoice from Custom Color Corporation for $159.58, the amount apparently was billed to defendants. The Court therefore declines to award any additional amount for copies of videotapes and photographs.

Finally, plaintiff seeks $94,874.31 in costs related to expert witnesses. Section 1920 authorizes taxation of costs only as to fees for *court appointed* experts. See 28 U.S.C. § 1920(6). Absent explicit statutory authorization, a trial court has no discretion under Rule 54(d) to tax the actual costs of expert witness fees. Brown v. Butler, 30 Fed. Appx. 870, 876 (10th Cir. Feb. 15, 2002); Chaparral Res., Inc. v. Monsanto Co., 849 F.2d 1286, 1292 (10th Cir. 1988). Expert witness fees are taxable under Section 1920 only to the limited extent allowed under 28 U.S.C. § 1821, which generally permits a $40 per day attendance fee plus travel and subsistence expenses related to attendance. Crawford Fitting, 482 U.S. at 445; Burton, 395 F. Supp.2d at 1081. Based on the bill of costs which plaintiff submitted,

---

[8](...continued)
and 208 color photos at $3.50 per copy. The Court has also added seven per cent sales tax for a total of $1,413.47 for each set of trial exhibits.

[9] Defendants also complain that plaintiff did not seek pre-approval from the Court of certain trial-related costs, but such approval is not a condition for taxing costs. See Tilton, 115 F.3d at 1476.

the Court awards a total of $1,185.00 for expert witness attendance fees and expenses under 28 U.S.C. § 1821.[10] The Court disallows the remaining expenses related to expert witnesses.

The Court awards a total of $35,113.77 in costs taxed in favor of plaintiff.

**IT IS THEREFORE ORDERED** that Defendants' Motion To Retax Costs (Doc. #183) filed October 20, 2006 be and hereby is **SUSTAINED**. The Court awards a total of $35,113.77 in costs taxed in favor of plaintiff.

Dated this 20th day of December, 2006 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

---

[10] Raymond A. Duffany attended a deposition for one day on February 28, 2000 ($40.00) and incurred travel expenses for the deposition ($555.47). A.W. Westphal attended a deposition for one day on February 28 or 29, 2000 ($40.00) and incurred travel expenses for the deposition ($469.53). Dr. Vito Carbetta and L. Kenneth Hubbell each attended trial for one day on June 9, 2000 ($40.00 each).